# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUGO GOMEZ,<br><br>Defendant. | Case No.: CR 18-00650-CJC<br><br><br><br>ORDER OF DETENTION |

Defendant Hugo Gomez is charged with distributing approximately 447 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Dkt. 13 [Indictment].) On September 13, 2018, Magistrate Judge Stevenson ordered Defendant detained pending trial because no combination of conditions would reasonably assure Defendant's

-1-

appearance and the safety of the community. (Dkt. 5 at 2.) On October 29, 2018, Judge Stevenson reopened Defendant's detention hearing to consider new information, including letters submitted by Defendant's friends and family. (Dkt. 20-2.) After considering the evidence, Judge Stevenson ordered Defendant's release, subject to a $45,000 unsecured bond and GPS monitoring. (Dkt. 24 at 2–4.) The Government now moves for review of Judge Stevenson's bail order and for detention of Defendant. (Dkt. 26-1.) The Government's motion is **GRANTED**.

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where there is a demonstrated risk of flight or no assurance that release is consistent with the safety of the community. 18 U.S.C. §§ 3142 *et seq*. The Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk and that no condition, or combination of conditions, would reasonably assure the defendant's appearance at future proceedings if released on bond. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1406–07 (9th Cir. 1985). The Court reviews the evidence "de novo" when determining whether to modify the magistrate's detention order. *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990).[1] The Court must consider (i) the nature and circumstances of the offenses charged, (ii) the weight of the evidence against the defendant, (iii) the history and

---

[1] Defendant argues that Rule 59(a) of the Federal Rules of Criminal Procedure requires the Court to affirm Magistrate Judge Stevenson's detention order unless and only if it finds that order contrary to law or clearly erroneous. The Court disagrees. A district court always retains its authority and discretion to review a magistrate judge's detention order *de novo* and nothing in Rule 59(a) limits the district court's authority to conduct such an independent review if it chooses to do so. Indeed, the United States Supreme Court and the Ninth Circuit have made it explicitly clear that a district court's substantial authority under Article III of the United States Constitution cannot be diminished by the earlier action of a magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 681 (1980) (emphasizing that "the magistrate acts subsidiary to and only in aid of the district court" and that "the entire process takes place under the district court's control and jurisdiction"); *Gebro*, 948 F.2d at 1120 (noting that the "substantial responsibility" of a district judge having original jurisdiction over an offense cannot be "diminished by the earlier action of a magistrate" (citation and quotation marks omitted)); *see also Koenig*, 912 F.2d at 1193 (stating that the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference").

characteristics of the defendant, and (iv) the nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g); *see United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). After considering all of these factors and all of the evidence presented by the parties and the arguments of their counsel, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

First, Defendant has a strong incentive to flee. He is charged with the possession and intent to distribute nearly a pound of methamphetamine to Homeland Security Investigations officers posing as a repeat customer. The officers arranged to purchase a pound of methamphetamine from Defendant for $2,800 at a designated place and time. When Defendant arrived, the officers found 447 grams of methamphetamine in a shopping bag in his backseat. If convicted, Defendant faces a statutory maximum of life imprisonment and a mandatory minimum of ten years imprisonment. Defendant is 26 years old and has spent no meaningful time in custody. Avoiding a lengthy prison sentence is a compelling reason for him to flee.

Second, Defendant has the means and connections to abscond. Defendant's father owns property in Mexico, where Defendant has significant family ties. Indeed, Defendant traveled to Oaxaca, Mexico in 2011 for three or four months to visit his family. Defendant also is a member of Culver City Boys, a criminal street gang with likely ties to drug trafficking networks in Mexico.

Finally, and most troublingly, Defendant has demonstrated a blatant disregard for the law and court supervision. He committed the charged offense while on probation for a 2016 drug conviction. His 2016 drug conviction occurred after he was arrested with three other gang members who were carrying distribution amounts of heroin and methamphetamine. Defendant was placed on probation for three years on the condition

that he obey all laws. Yet Defendant continued to sell illegal drugs in significant quantities in blatant disregard of the terms of his probation. Indeed, one of Defendant's customers, John De Marco, told law enforcement that he purchased large quantities of methamphetamine from Defendant on at least six occasions. It is not plausible that Mr. De Marco was Defendant's only customer or that Defendant's drug dealing was limited to those six transactions.[2]

Simply stated, Defendant's strong incentive to flee, his means and connections to abscond, and his blatant disregard for the law and court supervision convince this Court that no condition or combination of conditions could reasonably assure Defendant's appearance at trial.

**IT IS THEREFORE ORDERED** that Defendant be detained prior to trial.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for private consultation with counsel.

//

---

[2] The Court does not view the letters submitted by Defendant's friends and family as mitigating the risk of flight. His friends and family express their surprise and shock that Defendant has been charged with drug trafficking. But Defendant has had repeated encounters with law enforcement so their surprise and shock reflects either a lack of candor on their part or, more likely, Defendant's remarkable ability to conceal his criminal and gang activity from them.

1 **IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED: November 8, 2018

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

**CC: PSA; USM**